UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MORGAN STANLEY & CO.,
INCORPORATED,

    Plaintiff,

-against-

CONRAD P. SEGHERS,

    Defendant.

---

Civ. Action No. 10 Civ. 5378 (DLC)(JCF)

**DECLARATION OF DAVID ZALMAN**

**DAVID ZALMAN**, declares, pursuant to 28 U.S.C. § 1746, that:

1. I am a member of the law firm of Kelley Drye & Warren LLP, attorneys for plaintiff Morgan Stanley & Co., Incorporated ("Morgan Stanley"), as successor in interest to Morgan Stanley DW, Inc. in this action. I am fully familiar with the facts set forth herein.

2. I submit this declaration in support of Morgan Stanley's application for an order to show cause for a temporary restraining order pending the outcome of Morgan Stanley's previously filed Motion for a Preliminary Injunction to enjoin defendant Conrad P. Seghers ("Seghers") from pursuing an arbitration that Mr. Seghers commenced before the Financial Industry Regulatory Authority ("FINRA") in Texas (the "Texas Arbitration").

3. Mr. Seghers filed the Texas Arbitration on or about April 29, 2010. In his Statement of Claim in the Texas Arbitration, Mr. Seghers alleges that Morgan Stanley made certain "errors" with respect to option trades in certain accounts at Morgan Stanley held by certain hedge funds and related companies that Mr. Seghers founded and previously managed. Mr. Seghers asserts that as a result of the alleged errors, the hedge funds transferred all assets from their accounts at Morgan Stanley in July 2001. Mr. Seghers asserts two causes of action in the Texas Arbitration: (1) fraud, and (2) breach of contract based on the brokerage agreements

between Morgan Stanley and the hedge funds, of which Mr. Seghers claims he was a third-party beneficiary.

4. The Texas Arbitration was not the first proceeding in which Mr. Seghers asserted claims against Morgan Stanley based on the same allegations. Since 2004, Mr. Seghers and his hedge funds have filed claims with various courts and arbitration tribunals based on the same factual background and asserting the same claims that Mr. Seghers now seeks to arbitrate in the Texas Arbitration.

5. For example, on June 15, 2006, Seghers filed a Complaint in this Court (the "Southern District Action") asserting fraud claims that were largely identical, word-for-word, to Mr. Seghers' allegations in the Texas Arbitration. On May 10, 2007, United States District Court Judge Gerard Lynch issued an Opinion and Order dismissing Mr. Seghers' claims as time-barred. Judge Lynch ruled that under New York's borrowing statute, Texas's four-year statute of limitations applied to Mr. Seghers' fraud claims. Relying on Mr. Seghers' own allegations, Judge Lynch found, *inter alia*, that Mr. Seghers had actual knowledge of Morgan Stanley's alleged conduct by August 1, 2001, when Mr. Seghers sent a letter to Morgan Stanley seeking $35 million in damages. Judge Lynch found that the fraud claims "accrued no later than August 1, 2001, and expired, at the latest on August 1, 2005," yet Mr. Seghers "did not commence [the Southern District Action] until June 15, 2006, more than four years after his fraud claims accrued ..." Judge Lynch, therefore, dismissed Mr. Seghers' fraud claims as time-barred.

6. One month later, in a plain attempt to circumvent Judge Lynch's order dismissing his claims, Mr. Seghers filed an arbitration (the "IHO Arbitration") with the National Association of Securities Dealers ("NASD"), purportedly on behalf of Integral Hedging

Offshore, Ltd ("IHO"). Mr. Seghers asserted claims for fraud and breach of contract based on the same factual allegations as the claims already dismissed by Judge Lynch. Morgan Stanley filed a Petition in the Supreme Court of the State of New York to stay and dismiss the IHO Arbitration. By Order dated October 9, 2007, New York State Supreme Court Justice Karla Moskowitz granted Morgan Stanley's Petition, and thereafter Judgment was entered that "the IHO Arbitration is barred by the applicable statute of limitations and is, therefore, permanent stayed and dismissed."

7. On or about April 29, 2010, Mr. Seghers filed his Statement of Claim in the Texas Arbitration, in which Mr. Seghers seeks to arbitrate the same exact claims that Judge Lynch and Justice Moskowitz have dismissed as time-barred.

8. Accordingly, on July 14, 2010, Morgan Stanley filed the Complaint in this action for declaratory judgment and permanent injunctive relief. [Docket No. 1.] Morgan Stanley's Complaint asserts two claims for relief: (1) declaratory judgment that Mr. Seghers waived any alleged right to arbitrate the claims in the Texas Arbitration, and that Mr. Seghers is therefore precluded from pursing the Texas Arbitration, and (2) declaratory judgment that Mr. Seghers' claims in the Texas Arbitration are barred by the doctrine of *res judicata*, and that Mr. Seghers is precluded from further pursuing these claims.

9. Morgan Stanley's Statement of Answer to Seghers' Statement of Claim in the Texas Arbitration was due on July 16, 2010. Thus, on July 15, 2010, we wrote to FINRA and advised that Morgan Stanley had filed the Complaint in this action to enjoin Mr. Seghers from pursuing the Texas Arbitration and was planning to serve on Mr. Seghers a motion for preliminary injunction, copies of which we enclosed with the letter. Accordingly, we requested a stay of the Texas Arbitration on behalf of Morgan Stanley. We also advised FINRA that unless

3

and until Morgan Stanley's preliminary injunction motion was decided, Morgan Stanley did not intend to file a Statement of Answer to Seghers' Statement of Claim. Annexed hereto as Exhibit 1 is a true and correct copy of the July 15, 2010 letter.

10. Morgan Stanley filed its preliminary injunction motion in this Court on July 29, 2010 ("Preliminary Injunction Motion") [*See* Docket Nos. 5-8], to enjoin Seghers from pursuing the Texas Arbitration until the underlying action for declaratory judgment and permanent injunctive relief is adjudicated. True and correct copies of Morgan Stanley's Notice of Motion for Preliminary Injunction, Declaration of Wook Kim in Support of Plaintiff's Motion for Preliminary Injunction and the exhibits annexed thereto, and supporting Memorandum of Law are attached hereto as Exhibits 2-4, respectively.

11. Morgan Stanley did not seek a temporary restraining order when it filed the Preliminary Injunction Motion because Morgan Stanley had previously requested a stay and advised FINRA in its July 15, 2010 letter that it did not intend to file an Statement of Answer to Seghers' Statement of Claim pending the outcome of the Preliminary Injunction Motion.

12. By letter dated July 26, 2010, Mr. Seghers sent a letter to FINRA urging FINRA to deny Morgan Stanley's request for a stay of the Texas Arbitration pending resolution of the anticipated motion for preliminary injunction and to "force" Morgan Stanley to "respond [to his Statement of Claim] or be subject to a Default Judgment" in the Texas Arbitration. A copy of the July 26, 2010 letter is attached hereto as Exhibit 5.

13. By letter dated August 4, 2010, Elizabeth Muldoon, the FINRA Case Administrator handling the Texas Arbitration, responded to Morgan Stanley's July 15, 2010 letter. Ms. Muldoon advised that FINRA had "considered Respondent's request to stay" the

Texas Arbitration, and that "the request preliminary has been denied." A copy of the August 4 2010 letter is attached hereto as Exhibit 6.

14. I attempted to contact Ms. Muldoon on August 5, 2010. Although I was unable to reach her, I spoke with another attorney at FINRA who advised that Morgan Stanley was required to file a Statement of Answer "as soon as possible," and that FINRA would soon send a list of potential panelists that would hear the Texas Arbitration to Morgan Stanley and Seghers.

15. In light of FINRA's denial of Morgan Stanley's application for a stay, Morgan Stanley hereby respectfully requests that the Court issue an order to show cause for a temporary restraining order pending the outcome of Morgan Stanley's previously filed Preliminary Injunction Motion.

16. There is no question that Morgan Stanley would be irreparably harmed unless the Court issues a temporary restraining order. As set forth in the Preliminary Injunction Motion, there is no provision in the FINRA Code of Arbitration Procedure under which Morgan Stanley could make a pre-hearing motion to dismiss. Thus, absent a temporary restraining order, Morgan Stanley would be would be forced to submit a Statement of Answer and to arbitrate Mr. Seghers' claims through a full evidentiary hearing, despite the fact that Mr. Seghers' claims have already been adjudicated and are time-barred, causing Morgan Stanley to expend significant effort and resources it could never recover.

17. I hereby certify that this firm has served Mr. Seghers with all papers filed in connection with the present application for a temporary restraining order via electronic mail and overnight Federal Express on August 6, 2010. We could not give Mr. Seghers any greater notice because FINRA only recently denied our stay application.

18. There has been no previous application for the particular relief requested in the accompanying order to show cause in this or any other Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 6, 2010.

_____
DAVID ZALMAN