UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORGAN STANLEY & CO. INCORPORATED,<br><br>               Plaintiff,<br><br>      -against-<br><br>CONRAD P. SEGHERS,<br><br>               Defendant. | Civ. Action No.: 10 CV 5378 (DLC)(JCF) |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

John M. Callagy
David Zalman
Wook Kim
KELLEY DRYE & WARREN LLP
101 Park Avenue,
New York, New York 10178

Ph. (212) 808-7800
Fax: (212) 808-7897

*Attorneys for Plaintiff*
*Morgan Stanley & Co. Incorporated*

Plaintiff Morgan Stanley & Co. Incorporated ("Plaintiff" or "Morgan Stanley"), as successor in interest to Morgan Stanley DW, Inc., respectfully submits this reply memorandum of law in further support of its motion ("Motion"), pursuant to Federal Rule of Civil Procedure 65(a), for a preliminary injunction enjoining Defendant Conrad P. Seghers from pursuing an arbitration that Mr. Seghers commenced before the Financial Industry Regulatory Authority ("FINRA") that would be heard in Texas (the "Texas Arbitration").

## ARGUMENT

### THE COURT SHOULD ENJOIN MR. SEGHERS FROM PURSUING THE TEXAS ARBITRATION

Mr. Seghers' opposition to Morgan Stanley's Motion does not address the relevant standards this Court will apply in determining whether Mr. Seghers should be preliminarily enjoined from pursuing the Texas Arbitration. Accordingly, the Court should grant the Motion because Mr. Seghers does not contest that:

- Morgan Stanley is likely to succeed on the merits of Count I of its Complaint because, by voluntarily filing a complaint in this judicial district in 2006 (the "Southern District Action"), and choosing to litigate his claims in a court, Mr. Seghers waived any alleged right to arbitrate the claims he now asserts in the Texas Arbitration;

- Absent an injunction, Morgan Stanley will be irreparably harmed because it would be deprived of its right to rely on the finality of the Judgment entered in the Southern District Action, and would be forced to expend time and resources arbitrating claims that are not arbitrable and for which it would not be able to recover its attorneys fees or other damages in connection with defending against Mr. Seghers' repetitive claims in the Texas Arbitration;

- The balance of hardships tips decidedly in Morgan Stanley's favor because Mr. Seghers has made no showing that he would be prejudiced if an injunction issues,

1

Case 1:10-cv-05378-DLC   Document 23   Filed 08/24/10   Page 3 of 5

whereas Morgan Stanley has shown that it would have no adequate remedy to obtain a dismissal of Mr. Seghers' claims in the Texas Arbitration prior to a full evidentiary hearing on the merits; and

- The public interest would be served by granting an injunction because doing so would promote the policies of repose and finality embodied in statutes of limitations and the doctrine of *res judicata*, whereas no public interest would be served by permitting Mr. Seghers to continue forum shopping and seeking to re-litigate claims that have already been adjudicated.

Mr. Seghers' bald assertion that the Texas Arbitration is "not barred by *res judicata*" is unfounded. Indeed, Mr. Seghers does not, and cannot, deny that he commenced the Southern District Action in 2006 asserting the same claims based on the same factual allegations against Morgan Stanley that he now seeks to re-litigate in the Texas Arbitration. Nor does Mr. Seghers deny that the Southern District Action ended in a final adjudication on the merits based on Judge Lynch's dismissal order, which he elected not to appeal. Thus, Morgan Stanley is likely to succeed on the merits of Count II of its Complaint.

Mr. Seghers' argument that the Motion should be denied because the claims asserted in the Texas Arbitration are not time-barred as a result of alleged new discoveries on November 7, 2006 and December 19, 2006 is completely meritless, and was already rejected by Judge Lynch. Indeed, Mr. Seghers does not, because he cannot, dispute that Judge Lynch held:

> Plaintiff's claim that he did not learn about the specific details of the fraud until 2004 [] is irrelevant to the limitations analysis, just as it is of no moment that plaintiff did not know the "full extent" of his injury until that time. All that is necessary for the limitations period to commence is knowledge of the "general cause" of the injury, in this case, defendant's mismanagement of plaintiff's accounts. Accordingly, plaintiff's fraud claim accrued no later than August 1, 2001, and expired, at the latest, on August 1, 2005.

2

(Docket No. 6-8 at 8.)

> Judge Lynch also ruled that the statute of limitations should not be tolled because:
>
> plaintiff can not, and does not, allege that he could not have discovered [Morgan Stanley's alleged] activity or that such activity was "inherently unknowable." To the contrary, the complaint reveals that plaintiff had actual knowledge of the [alleged] fraudulent activity; indeed, it was this very knowledge that cause plaintiff to terminate his relationship with defendant in July 2001.

(*Id.* at 11.)

In addition, although Mr. Seghers claims to have discovered "new" documents on November 7, 2006, he filed a Second Amended Complaint in the Southern District Action a week later on November 15, 2006 without mentioning them. (*See* Docket No. 6-2.) Any information Mr. Seghers allegedly learned from these documents could have been incorporated in Mr. Seghers' Second Amended Complaint, or raised by Mr. Seghers in his December 15, 2006 response to Morgan Stanley's Motion to Dismiss the Southern District Action. (*See* Docket No. 6-1 at ¶ 29.) At a minimum, Mr. Seghers could have raised his alleged "new discoveries" prior to Judge Lynch's May 2007 dismissal Order, but he chose not to.

Finally, Mr. Seghers' assertion that FINRA has issued a ruling "allowing the FINRA case to move forward" is wrong. On August 13, 2010, after this Court issued a temporary restraining order enjoining Mr. Seghers from pursuing the Texas Arbitration, FINRA advised the parties that the Texas Arbitration had been placed on its "inactive docket" pending a decision on this Motion. *See* Exhibit 1 to the Declaration of David Zalman, dated August 19, 2010. (Docket No. 21-1.)

## **CONCLUSION**

For the reasons set forth above, as well as those set forth in its moving brief, Morgan Stanley respectfully requests that this Court issue an order enjoining Conrad Seghers from pursuing the Texas Arbitration pending a determination on Morgan Stanley's claims in this action.

Dated: New York, New York
      August 24, 2010

Respectfully submitted

KELLEY DRYE & WARREN LLP

By: _____
    John M. Callagy
    David Zalman
    Wook Kim
    101 Park Avenue
    New York, NY 10178
    (212) 808-7800
    (212) 808-7897

*Attorneys for Plaintiff*
*Morgan Stanley & Co. Incorporated*