```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MORGAN STANLEY & CO, INC.,              :    10 Civ. 5378 (DLC)
                                        :
                  Plaintiff,            :       MEMORANDUM
            -v-                         :    OPINION AND ORDER
                                        :
CONRAD P. SEGHERS,                      :
                  Defendant.            :
                                        :
----------------------------------------X
```

Appearances:

For the plaintiff:
John M. Callagy
David Zalman
Wook Kim
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

For the defendant:
Conrad P. Seghers, pro se
12400 Highway 71 West
Suite 350-388
Austin, TX 78738

DENISE COTE, District Judge:

On August 9, 2010,[1] the pro se defendant, Conrad P. Seghers ("Seghers") filed two motions in response to the plaintiff's motion for a preliminary injunction[2]: a motion to dismiss for

---

[1] The pro se defendant's motion papers were served August 6, received in the Court's chambers on August 9, and filed with the Clerk of Court on August 12.

[2] The motion for a preliminary injunction is granted in a separate Opinion and Order dated today. Seghers also filed a motion to allow a special appearance by him to contest the

lack of personal jurisdiction, lack of subject matter jurisdiction, and incorrect venue, and a motion for a stay.  The motions were fully submitted on August 19.  Both motions are denied.

The Court may exercise personal jurisdiction over Seghers pursuant to New York's long-arm statute, N.Y. C.P.L.R. § 302, for the reasons stated in the separate Opinion and Order issued today granting the plaintiff's motion for a preliminary injunction.  The defendant's motion to dismiss with respect to personal jurisdiction is denied.

Seghers argues that this Court lacks subject matter jurisdiction over this action because FINRA has jurisdiction over his dispute with Morgan Stanley.  A district court has jurisdiction over a civil action in which the plaintiff seeks a preliminary injunction to enjoin the defendant from pursuing a FINRA arbitration that has already been commenced.  See Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 40 (2d Cir. 2010).  Because such a preliminary injunction is warranted in this case, the motion to dismiss for lack of subject matter jurisdiction is denied.  For the same reason, a stay of this action in order to allow the

---

Court's personal jurisdiction over him.  That motion is terminated as moot.

2

arbitration to go forward is unwarranted.  Segher's motion to stay this proceeding is denied.

Seghers argues that venue is incorrect in New York because the defendant is located in Texas, the Texas statute of limitations was applied to earlier claims brought by Seghers, and the FINRA arbitration that Seghers commenced is taking place in Texas.  The legal standard for a motion to dismiss under Rule 12(b)(3) for improper venue is the same as for a motion to dismiss based on a lack of personal jurisdiction:  "If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of venue."  Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005) (citation omitted).  When the basis for subject matter jurisdiction is diversity of citizenship, as it is in this case, a case may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(a)(2).

Venue is proper in New York pursuant to 28 U.S.C. § 1391(a)(2) because the plaintiff has sufficiently alleged that a substantial part of the events giving rise to the plaintiff's complaint took place in New York.  Specifically, the complaint alleges that Seghers filed a lawsuit against Morgan Stanley in the Southern District of New York in 2006 that asserted the same

claims as Seghers is now pursuing against Morgan Stanley in the FINRA arbitration.  This earlier lawsuit is the basis of the plaintiff's argument that Seghers should be enjoined from pursuing the arbitration because he waived any right that he may have had to arbitrate these claims.  This is a sufficient <u>prima facie</u> showing that venue in New York is correct.

CONCLUSION

The plaintiff's August 9 motions to dismiss and to stay the case are denied, and the August 9 motion to make a special appearance is denied as moot.

SO ORDERED:

Dated:   New York, New York
         October 8, 2010

                                              _____
                                                      DENISE COTE
                                        United States District Judge